IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ERIC SERRANO SANCHEZ, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| KRISTI NOEM, in her official capacity as | § | |
| Secretary of the Department of Homeland | § | |
| Security; TODD LYONS, in his official | § | |
| capacity as Acting Director of U.S. | § | CIVIL ACTION NO. 9:25-CV-00324 |
| Immigration and Customs Enforcement | § | JUDGE MICHAEL J. TRUNCALE |
| (ICE); PAUL MCBRIDE, in his official | § | |
| capacity as Acting Field Office Director of | § | |
| ICE Houston; PAMELA J. BONDI, in her | § | |
| official capacity as Attorney General of the | § | |
| United States; and ALEXANDER | § | |
| SANCHEZ, in his official capacity as Warden | § | |
| of the IAH Secure Adult Detention Facility, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Eric Serrano Sanchez's Petition for Writ of Habeas Corpus

(the Petition) [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner Eric Serrano Sanchez (Sanchez) is a Mexican national who entered the United

States illegally in 1999.[1] *See* [Dkt. 2 at ¶ 2]. In November 2025, United States Immigration and

Customs Enforcement (ICE) took Sanchez into custody and initiated removal proceedings against

him. [Dkt. 1 at ¶¶ 45, 47]. Because the Government determined that Sanchez was subject to

mandatory detention under 8 U.S.C. § 1225(b)(2)(A), he did not receive a bond hearing. Sanchez

has remained in custody ever since his arrest. *See id.* at ¶ 47. On December 5, 2025, he filed his

---

[1] Sanchez's TRO Request states that he entered the United States "without inspection." Under 8 U.S.C. § 1325, entry without inspection is unlawful. *See* 8 U.S.C. § 1325.

habeas Petition, claiming that the Government's failure to give him a bond hearing rendered his detention unlawful under both the Immigration and Naturalization Act (INA)[2] and the Fifth Amendment to the United States Constitution. *See* [Dkt. 1 at 13–14]. On December 23, 2025, Sanchez moved for a temporary restraining order (the TRO Request) requiring the Government to release him immediately. [Dkt. 2]. The TRO request largely repeats the arguments contained in Sanchez's Petition. *See generally* [Dkt. 2 at 1–4].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Immigration and Naturalization Act

#### 1. Relevant Provisions

Sanchez is one of many illegal-entrant detainees claiming to have been improperly detained under 8 U.S.C. § 1225(b)(2)(A), which disqualifies them from being released on bond.[3] *See* 8 U.S.C. § 1225(b)(2)(A). Instead, Sanchez and his counterparts argue that they should have been detained under 8 U.S.C. § 1226(a), which makes bond available. *See id.* § 1226(a). Section

---

[2] 8 U.S.C. § 1101 et seq.

[3] *See, e.g.*, *Cabanas v. Bondi*, No. 4:25-cv-04830, 2025 WL 3171331 at *4 (S.D. Tex. Nov. 13, 2025) (Eskridge, J.); *Garibay-Robledo v. Noem*, No. 1:25-CV-177, 2025 WL 3264478 at *2–3 (N.D. Tex. Oct. 24, 2025) (Hendrix, J.); *Sandoval v. Acuna*, No. 6:25-cv-01467, 2025 WL 3048926 at *1 (W.D. La. Oct. 31, 2025).

1225(b)(2)(A) provides that aliens "*shall be* detained" pending removal if they are "applicants for admission" and not deemed "clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). Any alien "present in the United States who has not been admitted" is an "applicant for admission." 8 U.S.C. § 1225(a)(1). Because section 1225(b)(2)(A) provides that applicants for admission "shall be" detained during removal proceedings, aliens detained under the statute do not receive bond hearings. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018).

Section 1226(a), on the other hand, provides that aliens "may be arrested and detained" pending removal proceedings, at the Attorney General's discretion. 8 U.S.C. § 1226(a). Once an alien is detained under section 1226(a), the Attorney General may "continue to detain the arrested alien" or order the alien released on bond. § 1226(a)(1)–(2). Section 1226 does not expressly require bond hearings either, although it allows detainees to request them when appealing initial custody determinations. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1).

### 2. Applicability of Sections 1225(b)(2)(A) and 1226(a)

Sanchez is an "applicant for admission" as defined in section 1225. *See* 8 U.S.C. § 1225(a)(1). By his own account, Sanchez entered the United States without inspection and was present in the United States at the time of his arrest. By consequence, Sanchez is an alien "present in the United States who has not been admitted," which makes him an applicant for admission under section 1225's definition. *See* 8 U.S.C. § 1225(a)(1). Accordingly, section 1225(b)(2)(A) applies to him. *See id.* § 1225(b)(2)(A). However, section 1226(a), which does not distinguish between groups of aliens, could also apply to Sanchez. *See id.* § 1226(a). Therein lies the dilemma.

A "basic principle of statutory construction" easily resolves the apparent conflict between sections 1225(b)(2)(A) and 1226(a). *See Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153 (1976). If two statutes, one general and one specific, apply to the same subject, the more specific

statute controls unless the legislature clearly intended otherwise. *See id.*; *Morton v. Mancari*, 417 U.S. 535, 550–51 (1974). In this case, section 1225(b)(2)(A) is the more specific statute, since it applies only to aliens who are "applicants for admission." *See* 8 U.S.C. § 1225(b)(2)(A). Here, there is no clear indication that Congress intended for section 1226(a) to displace section 1225(b)(2)(A). Accordingly, section 1225(b)(2)(A) controls. *See Radzanower*, 426 U.S. at 153; *Morton*, 417 U.S. at 550–51. Accordingly, Sanchez is subject to mandatory detention and is not entitled to a bond hearing. *See* 8 U.S.C. § 1225(b)(2)(A).

The result would not change if Sanchez were instead detained under section 1226(a), since neither section 1226(a) nor its accompanying regulations expressly require bond hearings. *See* 8 U.S.C. § 1226(a)–(b); 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Section 1226(a) itself merely provides that the Attorney General "*may* release" discretionarily detained aliens on bond. 8 U.S.C. § 1226(a) (emphasis added). However, the Attorney General can revoke an alien's bond "at any time." *Id.* § 1226(b). Likewise, regulations passed incident to section 1226(a) provide only that aliens detained under the statute "*may* request" a custody redetermination from an immigration judge. 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). The regulations do not expressly require immigration judges to grant aliens' custody-redetermination requests or hold hearings on them. *See id.* §§ 236.1(d)(1), 1236.1(d)(1). Read most logically, section 1226(a) and its ancillary regulations make bond hearings a discretionary remedy, not a required procedure. *See* 8 U.S.C. § 1226(a)–(b); 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, even if the Government detained Sanchez under section 1226(a) instead of section 1225(b)(2)(A), Sanchez still would not be entitled to a bond hearing. *See* 8 U.S.C. § 1226(a)–(b); 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). The Government's failure to afford Sanchez a bond hearing therefore does not violate the INA and does not entitle him to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

### B. Due Process

Sanchez further argues that due process, if not the INA, requires the Government to give him a bond hearing. [Dkt. 1 at 16]. Even if Sanchez is correct, he still is not entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Sanchez's due-process challenge is directed not at the lawfulness of his confinement *per se*, but the lawfulness of the Government's failure to provide a bond hearing. *See* [Dkt. 1 at ¶¶ 35, 48]. The underlying basis for his confinement—his unlawful entry into the United States—is undisputedly valid. *See id.* at ¶ 35. Accordingly, Sanchez's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*." *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id.*

Here, a properly conducted bond hearing would not invariably result in Sanchez's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Sanchez's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Sanchez's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas petition is not the proper vehicle for Sanchez to raise his due-process claim. *See Carson*, 112 F.3d at 820–21.

## IV. CONCLUSION

Because Sanchez has failed to demonstrate by a preponderance of the evidence that his detention violates federal law, he cannot obtain habeas relief under 28 U.S.C. § 2241(c)(3).

It is therefore **ORDERED** that Sanchez's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**.

It is further **ORDERED** that Sanchez's Motion for Temporary Restraining Order [Dkt. 2] is hereby **DENIED AS MOOT**.

This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 2nd day of January, 2026.**

*Michael J. Truncale*
_____
Michael J. Truncale
United States District Judge